IN THE UNITED STATES DSITRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IAN MACLEOD ) | |
| ) | Case Number: |
| v. ) | Judge: |
| ) | |
| MIDAMERICAN ENERGY SERVICES, ) | |
| LLC., and BERKSHIRE HATHAWAY ) | |
| ENERGY COMPANY ) | |

## COMPLAINT

Plaintiff Ian Macleod (hereinafter "Plaintiff" or "Macleod"), by and through his attorneys Langone, Johnson, and Cassidy LLC, files his Complaint against Defendants, Midamerican Energy Services, LLC and Berkshire Hathaway Energy Company, (hereinafter "Defendants"). Plaintiff seeks damages from Defendants and states as follows:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, under the Age Discrimination Employment Act, 29 U.S.C. § 621 et seq. (hereinafter the "ADEA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff. Specifically, Defendant's unlawful discrimination against Plaintiff because of his age, leading to his unlawful termination.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. § 1331 and 1343, as this action involves a federal question regarding Plaintiff's civil rights under the ADEA.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## THE PARTIES

5. Plaintiff, Ian Macleod, ("Macleod"), is a citizen of the United States and a resident of the State of Illinois.

6. Defendant, Midamerican Energy Services, ("MES"), is an Illinois corporation with a principal place of operations in Chicago, Illinois.

7. Defendant, Berkshire Hathaway Energy Company, is the parent company of Midamerican Energy Services with a home office in Des Moines, Iowa and a registered agent located at 400 E COURT AVE, DES MOINES, IA, 50309.

8. Defendants are "employers" as defined by the ADEA.

9. Defendants each employ over 500 employees.

## PROCEDURAL REQUIREMENTS

10. Plaintiff has complied with all the statutory prerequisites to filing this action.

11. On July 23rd, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, ("EEOC"), alleging that the Defendant violated Title VII of the Civil Rights Act of 1964. A copy of the charge is attached as Exhibit A.

12. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

13. On or about November 6th, 2018 the EEOC issued to Plaintiff a Notice of Right to Sue, which was dated November 6th, 2018 and presumably placed in the mail that day. A copy is attached as Exhibit B.

14. This complaint was filed within ninety (90) days of Plaintiff's receipt of the EEOC's Right to Sue letter.

# FACTS

15. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-14, above.

16. On August 4th, 2017 Plaintiff had a meeting for a sales position at MES with Regional Sales Manager David White ("White") and MES Director of Sales Randy Marzen, ("Marzen"). Marzen had a similar background as Plaintiff and seemed to want him to fill this position.

17. There was only one position open.

18. At the meeting, Plaintiff was told he had the option of choosing one of two different "grades" that this position could take: account representative or account executive. The difference being the salary, but also the required quota. Plaintiff chose account executive.

19. At this meeting Plaintiff was informed that he was not required to come to the office daily and that Defendants would be flexible about the time he was in the office after the first 30-day training period expired.

20. On September 13th, Plaintiff's first day of work, he discovered that everyone knew his age already as White had told them prior.

21. White was in charge of training Plaintiff, however the totality of his training over his 30 days with the company consisted of a roughly two-hour seminar with White, Andrew Spencer, and Scott Ebling.

22. White was present for only an hour during this time.

23. Throughout Plaintiff's employment, White was often agitated and spoke to Plaintiff (and Rochelle Gobetz ("Gobetz"), the only other member of staff over fifty) in a very demeaning and derogatory way.

24. For roughly the first month, Plaintiff wasn't able to fully function within the company as he didn't receive his company computer, on which he was supposed to download his sales software, until October 4th, 2017.

25. Upon receiving his computer, he discovered that he couldn't use the software as he was not established as a member of the MES system until White turned in some paperwork.

26. This wasn't remedied until October 9th, 2017.

27. During Plaintiff's time with MES, White brought up more than once that he would have liked to have someone younger and more moldable for the position.

28. On October 12th, 2017, during lunch, White informed Plaintiff that he "had gotten the green light to hire someone younger."

29. On October 20th, 2017 Plaintiff was brought into White's office and caught off guard upon discovering that it was a pre-disciplinary meeting with a member of Human Resources.

30. White never had anything negative to say about Plaintiff's performance, being on time, or leaving early prior to this meeting.

31. Prior to this meeting, the last time Plaintiff talked with White was on October 13th, 2017, when White said that Plaintiff was doing "all the right things and that his plan was a good one."

32. At this meeting Plaintiff was questioned about his attitude, as well as him repeatedly showing up late and leaving early.

33. The only sales members who were expected to come into the office at all were himself and Rochelle Gobetz. This included for company meetings, where the other two sales members phoned in, even though the other members lived closer to the job site.

34. Plaintiff was terminated on October 23rd, 2017.

35. The next person to be hired for the position Plaintiff filled, although under a different grade, was twenty-five years younger than plaintiff.

## COUNT I

### Age Discrimination in Violation of the ADEA

36. Plaintiff restates and realleges paragraphs 1-35 of this Complaint as if fully set forth herein.

37. To establish a prima facie case for age discrimination under the ADEA an employee must show that (1) they are part of a protected class; (2) they were meeting the employer's legitimate job expectations; (3) they suffered an adverse employment action; and (4) they were treated differently than similarly-situated employees who were not members of the protected class.

38. Plaintiff meets the ADEA requirement of being within a protected class by being over the age of forty.

39. Plaintiff was told in the first meeting with White and Marzen that he was not required to come to the office daily and that their schedule could be flexible after the initial 5-week training period.

40. Plaintiff maintains that even with this acting only as a general guideline, he was always in the office by 8:15 am and, with one exception, always stayed until 5:00pm. Plaintiff would take the Metra train from the Ogilvy stop that would arrive at 8:15am, often seeing Gobetz on the train, and return home with the 5:13pm Metra train.

41. Plaintiff was actively going on field days, including two instances where White accompanied him.

42. Plaintiff installed the EMA software required the same day that White brought it up as being of primary importance in a meeting with Plaintiff and Gobetz.

43. Plaintiff never had any issues brought to his attention until the pre-disciplinary meeting on October 20th, 2017.

44. Plaintiff never had any complaints made against him until the same meeting.

45. Due to White's discrimination, Plaintiff was not adequately trained for his position.

46. Due to White's discrimination, Plaintiff was not able to fully integrate into his new role due to not being able to use the software in a timely manner.

47. Plaintiff was fired after roughly five weeks, under conditions he was not expecting.

48. The two younger members of the sales team were not expected to show up. Often not showing up at all.

49. The two younger members of the sales team were allowed to phone into meetings.

50. The two younger members of the sales team were not spoken to in the same demeaning and derogatory manner.

51. The two younger members of the sales team were not subject to disciplinary action for spending less time in the office, whereas Plaintiff was.

52. Due to White's disdain for Plaintiff due to his age and perceived lack of capability, Plaintiff's growth in his position was stifled and he was ultimately removed from his position.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. Damages in accordance with ADEA requirements;

B. Costs of suit;

C. Any other relief the Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,
/s/ Scott Cassidy

Langone Johnson and Cassidy, LLC
17 N. Wabash, Ste. 500
Chicago, IL 60601
(312) 761-3330