**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IAN MACLEOD ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No.: 19-CV-683 |
| v. ) | |
| ) | Judge Charles R. Norgle, Sr. |
| MIDAMERICAN ENERGY SERVICES, ) | |
| LLC and BERKSHIRE HATHAWAY ) | Magistrate Judge: Sunil R. Harjani |
| ENERGY COMPANY ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MIDAMERICAN ENGERGY SERVICES LLC.'S
MOTION TO COMPEL**

Defendant MidAmerican Energy Services LLC (hereinafter "MidAmerican"), through their attorneys Segal McCambridge Singer & Mahoney Ltd., move to compel Plaintiff's Supplemental Answers to MidAmerican's Answers to Interrogatories; Supplemental Responses to MidAmerican's Requests for Production; Supplemental Rule 26(a) Disclosures; and a List of Treaters, and in support state:

1. On July 16, 2019 Plaintiff served his Rule 26(a) initial disclosures (attached hereto as **Exhibit A**).

2. On October 8, 2019 Plaintiff served his Supplemental Answers to MidAmerican's Interrogatories and Responses to MidAmerican's Requests for Production (attached hereto as **Exhibit B**).

3. MidAmerican's Interrogatory 24 asked Plaintiff to describe his efforts to find employment after his termination. *See*, Exhibit B, 8. MidAmerican's Request for Production 13 called for Plaintiff to produce any and all documents related to Plaintiff's job search after his termination. *See*, Exhibit B, 10. In response Plaintiff did not provide any documents or information but rather indicated that he would supplement. See, Exhibit B, 8, 10.

4. The computation of damages in Plaintiff's initial disclosures did not include any reference to psychological or psychiatric treatment. See, Exhibit A.

5. MidAmerican's Interrogatory 25 asks Plaintiff to describe his damages. See, Exhibit B, 8. MidAmerican's Request for Production 2 called for the production of any documents related to Plaintiff's claims for compensatory damages. Id. Plaintiff responded to the interrogatory solely by referencing his initial disclosures and again reserving his right to supplement and responded to the request for production by referring his entire production. Id. No document in the production references psychological or psychiatric treatment.

6. On July 16th Plaintiff sat for his discovery deposition. In his testimony, for the first time he referenced over 200 job applications that he filed through Indeed and psychological and psychiatric treatment he allegedly received after his termination. See, Ian Macleod's Deposition, 10-13; 100:14-17 (attached hereto as Exhibit C).

7. This information was known to the Plaintiff at the time his complaint was filed. Nonetheless, nearly than a year after those supplemental disclosures and discovery responses Plaintiff has failed to supplement any of these responses.

8. On August 14, 2020 counsel for MidAmerican sent Plaintiff's counsel a letter requesting that Plaintiff supplement his responses and provide a list of treaters, in light of the deposition testimony. See, August 14th Letter to Plaintiff's Counsel (attached hereto as Exhibit D).

9. As of the time of this filing, Plaintiff's counsel has not responded to the letter; supplemented his 26(a) Disclosures, Interrogatories, or Requests for Production; and has not provided a list of treaters or HIPPA authorizations.

WHEREFORE, MidAmerican Energy Services, LLC respectfully requests that this Court grant its Motion to Compel and order Plaintiff (1) Supplement his Responses to MidAmerican's First Set of Interrogatories Directed to Plaintiff, including but not limited to, Interrogatories 24 and 25; (2) Supplement his Responses to MidAmerican's First Set of Production Requests Directed to Plaintiff, including but not limited to, RFP 2 and 12; (3) Supplement his Rule 26(a) Disclosures, including but not limited to, the Damages Calculations; (3) and provide a list of treaters with sufficient detail for MidAmerican to subpoena their records and corresponding HIPPA Authorizations for those treaters, within seven (7) days, and for any and all other just relief.

Respectfully submitted,

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

By: */s/Benjamin J. Nellans*
Joseph Kish # 6197916
Benjamin J. Nellans #6321205
Segal McCambridge Singer & Mahoney, Ltd.
233 South Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800
(312) 645-7711(facsimile)
jkish@smsm.com
bnellans@smsm.com
**ATTORNEYS FOR DEFENDANT**
**MIDAMERICAN ENERGY SREVICES, LLC**

3