IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IAN MACLEOD,<br><br>        **Plaintiff,**<br><br>        v.<br><br>MIDAMERICAN ENERGY SERVICES, LLC,<br><br>        **Defendant.** | Case No. 1:19-CV-00683<br><br>Hon. Judge Charles R. Norgle |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S**
**INTERROGATORIES AND REQUESTS FOR PRODUCTION**

    NOW COMES, Plaintiff, Ian Macleod, by and through his attorneys, Langone, Johnson & Cassidy, LLC, responds to Defendant's, MidAmerican Energy Services, LLC, propounded requests and provides the following:

    Plaintiff produces the following document production MACLEOD001-047. Below is a table identifying the documents produced within. Plaintiff, pursuant to an agreed protective order, will be supplementing additional responsive documents.

| Bates label: | Document: | Subject Matter: |
|---|---|---|
| 001-007 | MES Position Statement | MES response to Plaintiff's EEOC Charge |
| 008-011 | Plaintiff's Statement in Response to MES Position Statement | This statement is attorney client privileged as it was drafted for Counsel. At this time, we produce this statement and elect to waive this as privileged. |
| 012 | Email from David White | Initial Interview confirmation |
| 013-014 | Email from David White | Offer Letter |
| 015-017 | Offer Letter | A 24-hour offer letter |
| 018-021 | Employee Confidentiality Agreement | Employee Confidentiality Agreement |
| 022-023 | Email to David White | Submission of hiring paperwork |
| 024-030 | Attachment to email | Executed hiring paperwork requested by HR and David White |
| 031-033 | Emails to/from David White | Follow up on Start Date and final steps on hiring process |
| 034 | Email to David White/ | Confirmation of Start Date or |

1

**EXHIBIT B**

|   |   |   |
|---|---|---|
|   | Response | propose a time frame |
| 035-036 | Email from David White | Cleared on September 7th from HR – hiring process is completed |
| 037-038 | Email from David White/ Response | Request to delay start date due to a medical emergency |
| 039-040 | Email to Marzen, Kelleher, Short, | Responding to email received on October 23rd, 2017 |
| 041-042 | Email from BMC Remedy Service Account | Email for possible termination |
| 043-0045 | Response to Email from 10/24/17 | Burt Short response with company's position as to Plaintiff's correspondence from 10/24/17 |
| 046 | Letter from Burt Short | "Company's response to Plaintiff's email from 10/24/17 |
| 047 | Telephone Records | Telephone records identified in statement |

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the name and address of the person answering these interrogatories.

**ANSWER:** **Ian Macleod**
**c/o Langone, Johnson & Cassidy, LLC**
**17 N. Wabash Ave, Ste 500,**
**Chicago, IL 60602**

**417 S Princeton**
**Villa Park IL 60181**

**INTERROGATORY 2:** IDENTIFY and DESCRIBE the facts that support YOUR claim in Paragraph 45 of the Complaint that "due to White's discrimination, Plaintiff was not adequately trained for his position." INCLUDE the dates, times and personnel present for training, and IDENTIFY any DOCUMENTS that support this claim.

**ANSWER:** **Please see statement as provided in MACLEOD008-011.**

**INTERROGATORY NO. 3:** IDENTIFY and DESCRIBE the facts that support YOUR claim in Paragraph 46 of the Complaint that "due to White's discrimination, Plaintiff was not able to fully integrate into

2

**EXHIBIT B**

|                          |                                                                                                                                                                                                                                                                                                                                                                                                                     |
|--------------------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                          | his new role due to not being able to use the software in a timely manner." INCLUDE the dates, times, and personnel present for any events described in YOUR response, and IDENTIFY any DOCUMENTS that relate to this claim.                                                                                                                                                                                         |
| **ANSWER:**              | **Please see statement as provided in MACLEOD008-011.**                                                                                                                                                                                                                                                                                                                                                             |
| **INTERROGATORY NO. 4:** | IDENTIFY and DESCRIBE the facts that support YOUR claim in Paragraph 52 of the Complaint that "due to White's disdain for Plaintiff due to his age and perceived lack of capability, Plaintiff's growth in his position was stifled and he was ultimately removed from his position." INCLUDE the dates, times, and personnel present for any events d in YOUR response, and IDENTIFY any DOCUMENTS that relate to this claim. |
| **ANSWER:**              | **Please see statement as provided in MACLEOD008-011.**                                                                                                                                                                                                                                                                                                                                                             |
| **INTERROGATORY NO. 5:** | IDENTIFY and DESCRIBE the facts that support YOUR claim in Paragraph 50 of the Complaint that "the two younger members of the sales team were not spoken to in the same demeaning and derogatory manner." INCLUDE the dates, times, and personnel present for any events described in YOUR response, and IDENTIFY any documents that relate to this claim.                                                           |
| **ANSWER:**              | **Please see statement as provided in MACLEOD008-011.**                                                                                                                                                                                                                                                                                                                                                             |
| **INTERROGATORY NO. 6:** | IDENTIFY and DESCRIBE the facts that support YOUR claim in Paragraph 51 of the Complaint that "the two younger members of the sales team were not subject to disciplinary action for spending less time in the office, whereas Plaintiff was." INCLUDE the dates, times, and personnel present for any events described in YOUR response, and IDENTIFY any documents that relate to this claim. |
| **ANSWER:**              | **Please see statement as provided in MACLEOD008-011.**                                                                                                                                                                                                                                                                                                                                                             |
| **INTERROGATORY NO. 7:** | In regard to the meeting that occurred on August 4, 2017, between Plaintiff and Defendant, DESCRIBE what information Defendant communicated to Plaintiff with respect to potential positions with MES, INCLUDING the duties, expectations and salaries associated with each position discussed. INCLUDE the names of all personnel |

present and IDENTIFY any documents that relate to YOUR response.

**ANSWER:** **Please see statement as provided in MACLEOD008-011.**

**INTERROGATORY NO.8:** DESCRIBE in detail the expectations Defendant communicated to Plaintiff regarding required office hours, INCLUDING any stipulation(s) discussed that could allow these expectations to change in the future. INCLUDE the dates, times, and personnel present for any events described in YOUR response, and IDENTIFY any documents that relate to this claim.

**ANSWER:** **Please see statement as provided in MACLEOD008-011.**

**INTERROGATORY NO. 9:** DESCRIBE the phrase "under conditions he was not expecting," found in Paragraph 47 of the Complaint.

**ANSWER:** **Plaintiff's termination was not expected by Plaintiff as no conversations or warnings in regard to his performance or any issues were had by David White to him. Please see statement as provided in MACLEOD008-011.**

**INTERROGATORY NO. 10:** DESCRIBE any disparaging remarks made by Plaintiff about any of the practices or personnel present at MES offices, and/or the condition of the workplace itself. INCLUDE the dates, times, and personnel present for any events described in YOUR response, and IDENTIFY any documents that relate to this claim.

**ANSWER:** **Please see statement as provided in MACLEOD008-011.**

**INTERROGATORY NO. 11:** IDENTIFY and DESCRIBE the facts that support YOUR claim in Paragraph 20 of the Complaint that "on September 13, Plaintiff's first day of work, he discovered that everyone knew his age already as White had told them prior." INCLUDE the dates, times, and personnel present for any events described in YOUR response, and IDENTIFY any documents that relate to this claim.

**ANSWER:** **As stated in Paragraph 20, on September 13th, 2017, Plaintiff's first day of work, everyone- as in all personnel that are in the Chicago office, such as Rochelle Gobetz, Kevin Fukamoto, Andrew Spencer, David White, and**

**EXHIBIT B**

| | |
|---|---|
| | etc. Please see statement as provided in MACLEOD008-011. |
| **INTERROGATORY NO. 12:** | IDENTIFY the earliest date Plaintiff could have installed the Energy Management Assistant ("EMA") Software on his company computer and indicate whether or not Plaintiff installed the software on his computer on this date. IDENTIFY any documents that relate to this claim. |
| **ANSWER:** | **The earliest possible date for Plaintiff could have installed EMA was October 9th. Plaintiff was not officially in the "TRC" Technology Resource Center until October 9th. The custodian of such TRC and EMA records would be maintained by Defendant. A diligent search should reveal data to support Plaintiff's position. Please see statement as provided in MACLEOD008-011.** |
| **INTERROGATORY NO. 13:** | DESCRIBE the meeting between Plaintiff and Defendant that occurred on October 9, 2017. INCLUDE the personnel present and any statements made by any personnel. |
| **ANSWER:** | **Plaintiff describes in detail the events that occurred and his observances in the statement as provided in MACLEOD008-011.** |
| **INTERROGATORY NO. 14:** | IDENTIFY and DESCRIBE the facts that support YOUR claim in Paragraph 27 in the Complaint that "during Plaintiff's time with MES, White brought up more than once that he would have liked to have someone younger and more moldable for the position." INCLUDE the dates, times, and personnel present for any events described in YOUR response, and IDENTIFY any documents that relate to this claim. |
| **ANSWER:** | **Please see statement as provided in MACLEOD008-011.** |
| **INTERROGATORY NO. 15:** | IDENTIFY and DESCRIBE the facts that support YOUR claim in Paragraph 28 of the Complaint that "on October 12, 2017, during lunch, White informed Plaintiff that he 'had gotten the green light to hire someone younger.'" INCLUDE personnel present at the time described in YOUR response and IDENTIFY any documents that relate to this claim. |
| **ANSWER:** | **Please see statement as provided in MACLEOD008-011.** |

5

**EXHIBIT B**

**INTERROGATORY NO. 16:** IDENTIFY and DESCRIBE the facts that support YOUR claim in Paragraph 23 in the Complaint that "throughout Plaintiff's employment, White was often agitated and spoke to Plaintiff (and Rochelle Gobetz ("Gobetz"), the only other member of staff over fifty) in a very demeaning and derogatory way." INCLUDE the dates, times, and personnel present for any events described in YOUR response, and IDENTIFY any documents that relate to this claim.

**ANSWER:** **Rochelle Gobetz is a fact witness to the alleged misconduct and discrimination by David White against Plaintiff. Please see statement as provided in MACLEOD008-011.**

**INTERROGATORY NO. 17:** IDENTIFY and DESCRIBE all of the complaints regarding Plaintiff's work performance communicated to Plaintiff during the pre-disciplinary meeting held on October 20, 2017, and at any time prior. INCLUDE the dates, times, and personnel present for any events described in YOUR response and IDENTIFY any documents that relate to these events.

**ANSWER:** **Please see statement as provided in MACLEOD008-011.**

**INTERROGATORY NO. 18:** IDENTIFY and DESCRIBE the facts that support YOUR claim in Paragraph 31 in the Complaint that "prior to this meeting, the last time Plaintiff talked with White was on October 13, 2017, when White said that Plaintiff was doing 'all the right things and that his plan was a good one.'" INCLUDE the names of any personnel present at this time and IDENTIFY any documents that relate to this claim.

**ANSWER:** **Please see statement as provided in MACLEOD008-011.**

**INTERROGATORY NO. 19:** IDENTIFY and DESCRIBE the name, age, title and compensation of the next person hired for the position Plaintiff filled, INCLUDING the date this individual was hired. IDENTIFY any documents that are relevant to YOUR response.

**ANSWER:** **Plaintiff has no custodial authority to Defendant's proprietary information or has inquired about such information or to has maintained such information.**

**INTERROGATORY NO. 20:** IDENTIFY the "two younger members of the sales team [who] were allowed to phone into meetings," that are mentioned in Paragraph 49 in the Complaint. INCLUDE any facts that support Plaintiff's knowledge on this matter and IDENTIFY any documents that relate to this claim.

**ANSWER:** **Please see statement as provided in MACLEOD008-011.**

**INTERROGATORY NO. 21:** IDENTIFY and DESCRIBE the facts that support YOUR claim in Paragraph 48 of the Complaint that "the two younger members of the sales team were not expected to show up. Often not showing up at all." INCLUDE the dates, times, and personnel present for any events described in YOUR response and IDENTIFY any documents that relate to these events.

**ANSWER:** **Please see statement as provided in MACLEOD008-011.**

**INTERROGATORY NO. 22:** IDENTIFY and DESCRIBE all facts, not listed above, that support the claim that Plaintiff was a victim of age discrimination in violation of the ADEA. INCLUDE the dates, times, and personnel present for any events described in YOUR response, and IDENTIFY any documents that relate to this claim.

**ANSWER:** **Please see statement as provided in MACLEOD008-011.**

**INTERROGATORY NO. 23:** IDENTIFY and DESCRIBE all facts, not listed above, that support the claim that Plaintiff was meeting all of employer's legitimate job expectations prior to being terminated. INCLUDE the dates, times, and personnel present for any events described in YOUR response, and IDENTIFY any documents that relate to this claim.

**ANSWER:** **Please see statement as provided in MACLEOD008-011.**

**INTERROGATORY NO. 24:** DESCRIBE YOUR efforts to find employment after YOUR termination at MidAmerican. INCLUDE the name of YOUR first employer after MidAmerican, YOUR job title, the date you began said employment, and YOUR compensation.

**ANSWER:** **Plaintiff will supplement once an agreed confidentially**

order is effective.

**INTERROGATORY NO.25:** DESCRIBE the amount of damages you allege that you incurred as a result of the allegations in YOUR complaint that you are seeking to recover in this lawsuit.

<u>**ANSWER:**</u> **See Plaintiff's Rule 26 26(a)(l)(A)(iii) Disclosures for a computation of damages.**

### REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All DOCUMENTS RELATED TO Plaintiff's contention that his termination constituted prohibited discrimination based on age in violation of the Age Discrimination in Employment Act.

<u>**ANSWER:**</u> **Please see attached at MACLEOD001-047**

**REQUEST NO. 2:** All DOCUMENTS RELATED TO Plaintiff's claims for compensatory damages.

<u>**ANSWER:**</u> **Plaintiff will supplement once an agreed confidentially order is effective.**

**REQUEST NO. 3:** All DOCUMENTS RELATED TO the terms and conditions of Plaintiff's employment relationship with Defendant.

<u>**ANSWER:**</u> **Please see attached at MACLEOD001-047.**

**REQUEST NO. 4:** All DOCUMENTS RELATED TO the formation of Plaintiff's employment relationship with Defendant.

<u>**ANSWER:**</u> **Please see attached at MACLEOD001-047.**

**REQUEST NO 5:** All DOCUMENTS RELATED TO Plaintiff's termination by Defendant.

<u>**ANSWER:**</u> **Please see attached at MACLEOD001-047.**

**REQUEST NO. 6:** All correspondence, including DOCUMENTS RELATED TO correspondence, between Plaintiff and any current or former employee of Defendant, including, but not limited to, e-mails, tape recordings, transcripts, and meeting notes.

8

**EXHIBIT B**

**ANSWER:**     **Please see attached at MACLEOD001-047.**

REQUEST NO. 7:     All correspondence, including DOCUMENTS RELATED TO correspondence, between Plaintiff and Defendant.

**ANSWER:**     **Please see attached at MACLEOD001-047.**

REQUEST NO. 8:     All diary, journal, and calendar entries maintained by Plaintiff RELATED TO the factual allegations or claims at issue in this lawsuit, including but not limited to his employment with Defendant and employment search after the termination of his employment with Defendant.

**ANSWER:**     **Please see the attached statement. Plaintiff furnishes an attorney-client privileged statement to which he is waiving his privilege. Please see attached at MACLEOD001-047.**

REQUEST NO. 9:     All DOCUMENTS RELATED TO Plaintiff's previous employment history, including, but not limited to: offer letters, termination notices, disciplinary notifications, compensation information, and W-2 records.

**ANSWER:**     **Plaintiff will supplement once an agreed confidentially order is effective.**

REQUEST NO. 10:     All DOCUMENTS RELATED TO Plaintiff's subsequent employment history, including, but not limited to: offer letters, termination notices, disciplinary notifications, compensation information, and W-2 records.

**ANSWER:**     **Plaintiff will supplement once an agreed confidentially order is effective.**

REQUEST NO. 11:     All DOCUMENTS RELATED TO claims for unemployment benefits sought or received by Plaintiff, after the termination of his employment with Defendant.

**ANSWER:**     **Plaintiff will supplement once an agreed confidentially order is effective.**

REQUEST NO. 12:     All DOCUMENTS that Plaintiff retained from his employment with Defendant.

**ANSWER:**     **Please see attached at MACLEOD001-047.**

**EXHIBIT B**

**REQUEST NO. 13:** All DOCUMENTS RELATED TO Plaintiff's job search after his termination by Defendant.

**ANSWER:** **Plaintiff will supplement once an agreed confidentially order is effective.**

**REUQEST NO. 14:** All DOCUMENTS RELATED TO discrimination allegations made by Plaintiff in any form against any employer.

**ANSWER:** **Please see attached at MACLEOD001-047.**

**REQUEST NO. 15:** All DOCUMENTS that were examined, reviewed, and/or used in answering any interrogatories submitted by Defendant.

**ANSWER:** **Please see attached at MACLEOD001-047.**

Investigation continues. Plaintiffs' reserve the right to amend and supplement each of these responses as additional facts become known through investigation, discovery or otherwise.

Respectfully Submitted,

/s/Christopher V. Langone
One of Plaintiff's Attorney's

Christopher V. Langone
LANGONE, JOHNSON & CASSIDY LLC
17 N Wabash Ave. Suite. 500
Chicago, IL 60025
(312) 761-3330
Chris@ljclegal.com

**CERTIFICATE OF SERVICE**

I, Christopher V. Langone, certify that I caused a copy of Plaintiff's Responses to Defendant's Interrogatories and Requests for Production to be served upon Counsel for Defendant, Ben Nellans, via e-mail to bnellans@smsm.com and Joseph L Kish at jkish@smsm.com on September 9th, 2019 before 5pm.

Respectfully Submitted,
/s/ Christopher V. Langone

Langone, Johnson & Cassidy, LLC
17 N. Wabash, Ste. 500
Chicago, IL 60601
Tel: (312) 761-3330
Fax: (312) 277-7301
Chris@ljclegal.com

**EXHIBIT B**