

Benjamin Nellans
Direct (312) 645-7820
bnellans@smsm.com

August 14, 2020

**VIA ELECTRONIC MAIL**
**FACSIMILE @ 312-277-7301**
Christopher Langone, Esq.
Langone Batson & Lavery
17 N. Wabash Ave., Ste 500
Chicago, Illinois 60602
langonelaw@gmail.com

      Re:   *Ian Macleod v. MidAmerican Energy Services,*
              Case Number 1:19-cv-000683

Dear Mr. Langone:

     I write to you on behalf of my client, MidAmerican Energy Services, LLC in regard to the *Ian Macleod v. Mid MidAmerican Energy Services* case (1:19-cv-000683). Plaintiff recently sat for his deposition and testified to (1) job applications he submitted following his termination at MidAmerican and (2) psychological and psychiatric treatment that he received after his termination, neither of which were disclosed in written discovery.

     With respect to Plaintiff's job applications, Plaintiff testified that he "applied for over 200 positions through Indeed." *See*, Ian Macleod's Deposition Transcript, 100:14-17. MidAmerican previously served interrogatories in this matter, including Interrogatory 24, which called on Plaintiff to describe his efforts to find employment after his termination. *See*, MidAmerican's First Set of Interrogatories to Plaintiff, 7. Similarly, MidAmerican's Request for Production 12 called for Plaintiff to produce any and all documents related to Plaintiff's job search after his termination. *See*, MidAmerican's Requests for Production, 5. In response Plaintiff did not provide any documents or information but rather indicated that he would supplement once the protective order was in place. *See*, Plaintiff's Response to MidAmerican's Discovery Requests. That protective order was entered on September 12, 2019, three days after Plaintiff served his discovery responses. *See*, Agreed Confidentiality Order. It has been almost a year since the protective order was put into place and Plaintiff has not supplemented these responses.

**EXHIBIT D**

With respect to Plaintiff's psychological and psychiatric treatment, Plaintiff testified that he saw both a psychologist and psychiatrist after he was terminated. *See*, Ian Macleod's Deposition, 10-13. While Plaintiff identified Dr. Kellie as one of his treaters, he did not provide any additional identifying information about who he saw for this psychological and psychiatric treatment. *Id*. Before Plaintiff's deposition, Plaintiff provided initial disclosures. In Plaintiff's initial disclosures, the computation of damages did not include any reference to psychological or psychiatric treatment. *See*, Plaintiff's Rule 26(a) Disclosures. MidAmerican's Interrogatory 25 asks Plaintiff to describe his damages and MidAmerican's Request for Production 2 called for the production of any documents related to Plaintiff's claims for compensatory damages. *See*, MidAmerican's First Set of Interrogatories to Plaintiff, 7; MidAmerican's Requests for Production, 4. Plaintiff's responses only reference his initial disclosures and reserve the right to supplement after entry of a protective order. *See*, Plaintiff's response to MidAmerican's Discovery Requests. To date Plaintiff has not supplemented his initial disclosures or discovery responses.

This letter is written in the spirit of Federal Rule of Civil Procedure 37(a)(1). By the close of business on Monday August 24, 2020 please provide the following:
1. Supplemental Responses to MidAmerican's First Set of Interrogatories Directed to Plaintiff, including but not limited to, Interrogatories 24 and 25.
2. Supplemental Responses to MidAmerican's First Set of Production Requests Directed to Plaintiff, including but not limited to, RFP 2 and 12.
3. A Supplement to the Damages Calculations provided in Plaintiff's Rule 26(a) Disclosures
4. A list of treaters for any psychological, psychiatric, or other mental health treatment that Plaintiff claims is anyway related to his termination, with sufficient detail for MidAmerican subpoena their records, and corresponding HIPPA Authorizations for all of these treaters.

If we do not receive responses by the above date, we will proceed with a motion to compel. Additionally, as these issues were addressed for the first time at Plaintiff's deposition, MidAmerican reserved the right to re-depose Plaintiff on these issues, should the information provided in response to this letter lead to the discovery of additional relevant facts. Please do not hesitate to contact me regarding this matter.

Sincerely,

*/s/ Benjamin J. Nellans*

BENJAMIN J. NELLANS

BJN/

**EXHIBIT D**

## DeeDee L Shelton

| | |
|---|---|
| **From:** | Fax2Mail Powered by OpenText <reports@reply.fax2mail.com> |
| **Sent:** | Friday, August 14, 2020 3:19 PM |
| **To:** | DeeDee L Shelton |
| **Subject:** | Macleod - Rule 37 Letter |
| **Attachments:** | sentfax--47006470.pdf |

| MAIL2FAX DETAILED DELIVERY REPORT | |
|---|---|
| Attention | Segal McCambridge Singer & Mahoney |
| Job Number | 47006470 |
| Sent By User | F2M/62289655146 |
| Entered Fax2Mail System | 08/14 16:16 |
| Report Generated | 08/14 16:19 |
| Subject | Macleod - Rule 37 Letter |
| Page Count | 3 (including cover sheet) |

| SUMMARY | | |
|---|---|---|
| Sent: 1 | Errors: 0 | Cancelled: 0 |
| Total: 1 | | |

| Destination | Status | Date | Time | Num. Retries |
|---|---|---|---|---|
| 3122777301 | SENT | 08/14 | 16:18 | 1 |



1

**EXHIBIT D**