IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IAN MACLEOD, <br><br> **Plaintiff,** <br><br> v. <br><br> MIDAMERICAN ENERGY SERVICES, LLC, <br><br> **Defendant.** | Case No. 1:19-CV-00683 <br><br> Hon. Judge Charles R. Norgle |

**MOTION TO FILE INSTANTER THIS
PLAINTIFF'S RESPONSE TO MOTION TO COMPEL**

1. Plaintiff, through his undersigned counsel, seeks to file instanter, this response to Defendants' motion to compel. Plaintiff missed the deadline to file a response to a calendaring deficiency as the result of, among other things, the dissolution of Plaintiff's counsel's firm.

2. Plaintiff's counsel apologizes for not responding to the motion prior to the deadline set by the Court. Due to a confluence of circumstances, involving Plaintiff's firm, the Plaintiff's wife having passed away, and co-counsel having been on medical leave due to having contracted (and thankfully now fully recovered from) Covid-19.

3. The Covid-pandemic has taken a toll on Plaintiff's firm, causing its dissolution. The Loop office is closed, counsel's staff have obtained other employment, and Plaintiff's former partners have either retired or obtained other employment.

4. As a result, Plaintiff's counsel Chris Langone has assumed employment with another firm.

1

5. Attorney Mark Lavery was in the process of being transitioned into the case as additional and lead counsel. However, due to complications stemming first from sustaining a concussion and next with Covid, the transition was delayed.

6. During this same period, Mr. MacLeod's wife – who had been battling stomach cancer for over a year, including several operations– passed away. This is why there were delays responding to Defendant's Rule 37 letter.

7. Due to this confluence of circumstances, Plaintiff's counsel has fallen a little behind on the discovery in this matter. Discovery has occurred, written has been produced, and the Plaintiff deposed. The discovery at issue arise from claims made about statements in the deposition, and follow-up discovery. So, it not as if there has not been substantial progress on discovery. Indeed, there are two open issues:

    (a) job applications he submitted following his termination at MidAmerican; and
    (b) psychological and psychiatric treatment that he received after his termination, neither of which were disclosed in written discovery.

8. There have been no court orders mandating Plaintiff do anything regarding the pending discovery – so the discussion regarding "contempt" is not warranted. There is no contempt, just tardy compliance due to the extenuating factors described above.

9. Currently, Plaintiff did not state in his Rule 26(a) disclosures that he is seeking emotional distress (and certainly not beyond garden variety). So the requests are not within the purview of the damages articulated in the Rule 26(a) disclosures.

10. As to the merits of the requests:

    (a) Plaintiff requests 14 days to Supplement Interrogatory 24 regarding efforts to find employment, and corresponding document request 12

(b) Plaintiff requests 14 days to Supplement his damages itemization under Rule 26.

11. As to the "psychological damages," Plaintiff is consulting with counsel about withdrawing any request for emotional distress due to the confounding factors of Plaintiff's wife's extended illness and death. Untangling distress from the termination from the distress related to his wife may be very difficult as an evidentiary matter. Plaintiff may seek only "garden variety" emotional distress, in which case such psychological evidence would not be proportional.

12. Plaintiff again apologizes for the omissions and delays on discovery in this issue, and will make sure the remedy all issues within 14 days.

WHERFORE, Plaintiff respectfully requests leave to file this 3-page response, instanter and to remedy to two discovery issues complained of, as above, within 14 days.

Respectfully Submitted,
/s/ Christopher V. Langone
One of Plaintiff's Attorneys

Po Box 5084
Skokie, IL 60077
(312) 344-1945
(312) 720-9191 (cell)
LangoneLaw@gmail.com