# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IAN MACLEOD | ) |
| *Plaintiff*, | ) |
| | ) Case No.: 19-CV-683 |
| v. | ) |
| | ) Judge Charles R. Norgle, Sr. |
| MIDAMERICAN ENERGY SERVICES, | ) |
| LLC and BERKSHIRE HATHAWAY | ) Magistrate Judge: Sunil R. Harjani |
| ENERGY COMPANY | ) |
| *Defendants*. | ) |

## DEFENDANT MIDAMERICAN ENGERGY SERVICES LLC.'S
## REPLY IN SUPPORT OF ITS MOTION TO COMPEL

NOW COMES Defendant MidAmerican Energy Services LLC (hereinafter "MidAmerican"), through their attorneys Segal McCambridge Singer & Mahoney Ltd., for its Reply in Support of Its Motion to Compel Plaintiff's Supplemental Answers to MidAmerican's Answers to Interrogatories; Supplemental Responses to MidAmerican's Requests for Production; Supplemental Rule 26(a) Disclosures; and a List of Treaters; show cause for its failure to provide same; and in support states:

1. Plaintiff's Response states "Plaintiff is consulting with counsel about withdrawing any request for emotional distress" and that "Plaintiff may seek only 'garden variety' emotional distress." See, Plaintiff's Response to MidAmerican's Motion to Compel (Attached hereto as Exhibit A).

2. Plaintiff opened the door on the issue of his emotional distress when he testified that he is alleging mental and emotional damages because he received "psychological and psychiatric treatment" after his termination. *See*, Ian Macleod's Deposition, 10-13; (attached hereto as Exhibit B).

3. Plaintiff cannot claim that they "may" seek damages for Plaintiff's emotional distress while at the same time withhold discovery on this issue. Plaintiff must either stipulate that he is not seeking emotional distress damages unequivocally or supplement his discovery accordingly.

WHEREFORE, MidAmerican Energy Services, LLC respectfully requests that this Court grant its Motion to Compel and order Plaintiff to (1) Supplement his Responses to MidAmerican's First Set of Interrogatories Directed to Plaintiff, including but not limited to, Interrogatories 24 and 25; (2) Supplement his Responses to MidAmerican's First Set of Production Requests Directed to Plaintiff, including but not limited to, RFP 2 and 12; (3) Supplement his Rule 26(a) Disclosures, including but not limited to, the Damages Calculations; (4) and provide a list of treaters with sufficient detail for MidAmerican to subpoena their records and corresponding HIPPA Authorizations for those treaters, within seven (7) days, and any further relief that this Court deems equitable and just.

Respectfully submitted,

SEGAL McCAMBRIDGE SINGER & MAHONEY, LTD.

By: _/s/Benjamin J. Nellans_
Joseph Kish # 6197916
Benjamin J. Nellans #6321205
Segal McCambridge Singer & Mahoney, Ltd.
233 South Wacker Drive, Suite 5500
Chicago, Illinois 60606
(312) 645-7800
(312) 645-7711(facsimile)
jkish@smsm.com
bnellans@smsm.com
**ATTORNEYS FOR DEFENDANT
MIDAMERICAN ENERGY SREVICES, LLC**