# MacLeod v. Mid American, 19 cv 683
# Gobetz Deposition: Plaintiff's Designations

| *Gobetz* | *Defendant's Objection* | *Plaintiff's Response* | *Ruling* |
|---|---|---|---|
| p. 4 [17-19] | No objection | | |
| p. 8 [2 – 10] | No objection | | |
| p. 9 [4] – p. 11 [23] | No objection | | |
| p. 11 [24] – p. 13 [2] | No objection | | |
| p. 15 [3 – 15] | Objection foundation, lack of personal knowledge, and speculation. The witness guesses Andrew Spencer's age based on when he got married and that he recently had a baby. The witness lacks personal knowledge as to his actual age and this testimony is speculative. Furthermore, under the best evidence rule, Andrew Spencer will testify in this case and provide his exact age. | Admissible Lay Opinion FRE 701. The witness gives the basis for her observations – plus, the testimony shows that people can make reasonable inferences about a person's age, which contradicts White's testimony that he had "no idea" whatsoever as to anybody's age – even if whether they were under or over 40. It is not a "guess," the basis for the statement exists. Is is | ***Sustained***<br>• Speculative as to his age; the jury will hear from Spencer himself regarding his age at the relevant time |

1

| | | | |
|---|---|---|---|
| | | admissible lay opinion under FRE 701. | |
| p. 17 [7] – 18 [1] | Objection foundation, lack of personal knowledge, and speculation. The witness guesses the age of an employee whose last name she cannot recall based on when he got married and him having younger kids. The witness lacks personal knowledge as to his actual age and this testimony is speculative. | Admissible Lay Opinion FRE 701. The witness gives the basis for her observations – plus, the testimony shows that people can make reasonable inferences about a person's age, which contradicts White's testimony that he had "no idea" whatsoever as to anybody's age – even if whether they were under or over 40. It is not a "guess," the basis for the statement exists. Is admissible lay opinion under FRE 701. | ***Sustained***<br>• Speculative as to age |
| p. 18 [1 – 9] | Objection as to 18[1], this line is the last sentence of the answer to a previous question, is not a full sentence, and lacks context.<br>No objection to 18[2-9]. | Agreed as to 18 [2-9] | ***Overruled*** as to 18[1]<br>• Allows the witness to complete the answer. |

| | | | |
|---|---|---|---|
| p. 18 [10] – p. 20 [19] | Objection improper character evidence and relevance. This testimony includes several actions by David White unrelated to this case, including claims of unprofessionalism. Such testimony constitutes a prior act under Federal Rule 404, being admitted to show that David White would have acted this way when interacting with Plaintiff in this case. | Defendant offers similar testimony as to her opinion as Kevin Fukumoto. This is based on personal observations of the witness. Rule 404 is not implicated, as these are not "prior bad acts" | ***Overruled as to 18[10] to 20[13]; Sustained as to 20[14-19].***<br>• Testimony is based on the witness's firsthand observations of White's behavior in general; not improper character evidence under FRE 404(a) |
| p. 21 [9] – p. 22 [13] | Objection hearsay, character evidence, relevance, and 403. This testimony includes out of court statements allegedly made by Rochelle Gobetz offered for the truth of the matter asserted. Further, Ms. Gobetz's testimony about whether | This is not testimony as to "character" it is based on her personal observations and experiences. Ms. Gobetz's statements in her own deposition (witness unavailable) are not hearsay. It is relevant to the claim of disparate treatment on this issue of | ***Sustained***<br>• Of limited relevance and on balance under FRE 403, the testimony risks unfair prejudice related to Gobetz's own claim of discrimination |

| | | | |
|---|---|---|---|
| | or not David White helped her make sales is irrelevant to this case. Under 404, Plaintiff is seeking to admit this evidence to prove that because David White did not help Rochelle, he must have acted inappropriately with Plaintiff. Moreover, Rochelle Gobetz sales and her placement on a performance plan for those sales by David White are the subject of her prior claim of discrimination, which is barred under *motion in limine* 2. Any limited probative value is substantially outweighed by the prejudice to MidAmerican. | training (per testimony in Mr. MacLeod's depo.) | |

4

| | | | |
|---|---|---|---|
| p. 22 [14] – p. 24 [8] | Objection hearsay, character evidence, relevance, and 403. This testimony includes out of court statements allegedly made by Rochelle Gobetz offered for the truth of the matter asserted. Further, Ms. Gobetz's testimony about whether or not David White helped her make sales is irrelevant to this case. Under 404, Plaintiff is seeking to admit this evidence to prove that because David White did not help Rochelle, he must have acted inappropriately with Plaintiff. Moreover, Rochelle Gobetz sales and her placement on a performance plan for those sales by David White are the subject of | Defendant has raised the issue of whether "reports" were made. Here, Plaintiff states she reported use of obscenity. The testimony is based on personal observations. There is not a R. 404 issue because disparate treatment in helping (or not helping) Plaintiff is not a "prior bad act." This except does not mention Ms. Gobetz' own claim against Defendant either implicitly or explicitly. | ***Sustained***<br>• Of limited relevance and on balance under FRE 403, the testimony risks unfair prejudice related to Gobetz's own claim of discrimination |

|  |  |  |  |
|---|---|---|---|
|  | her prior claim of discrimination, which is barred under *motion in limine* 2. Any limited probative value is substantially outweighed by the prejudice to MidAmerican. |  |  |
| p. 25 [14] – p. 27 [20] | No objection. |  |  |
| p. 30 [4] – p. 31 [2] | Objection speculation, relevance, nonresponsive, character evidence, and 403. The witness was asked if she reported David White's statement to Randy. In her response, she speculates about what Randy would have said and then offers improper character and opinion evidence regarding David White and Randy Marzen. Her opinions on what Randy would have said are speculative, | It is not offered for truth, but only as to why she did not bring matters to attention of Randy. There is no "speculation," the witness was asked as to her reasons, which she explained. There is no "character" evidence at issue. She explains how Mr. White acted differently when interacting with Mr. Marzen or others, especially with the contested issue of profanity. | ***Sustained***<br>• The witness's answer is non-responsive to the question about whether she spoke with Randy about the Ian comments; instead, it offers her views on White |

| | | | |
|---|---|---|---|
| | irrelevant, and unfairly prejudicial. The opinions about David White are not only irrelevant and prejudicial but not responsive to the question asked. | | |
| p. 35 [5] – p. 37 [23] | Objection irrelevant, speculation, lack of personal knowledge, character evidence, and 403. This testimony focuses on Rochelle Gobetz's sales experience. This testimony irrelevant to the present case. Moreover, Rochelle Gobetz sales and her placement on a performance plan for those sales by David White are the subject of her prior claim of discrimination, which is barred under *motion in limine* 2. Any limited | There is no claim of "discrimination" per MIL 2, she is simply reporting her observations about how she was treated. Her observations about the relationship between Kevin and Andrew are relevant. Disparate "field calls" are a major issue in the case. Here, she testifies on personal knowledge on which field calls David White went on with her. Her observations about when David White are relevant to his ability to claim Plaintiff was late or tardy. Plaintiff will agree | ***Sustained***<br>• Irrelevant |

7

| | | | |
|---|---|---|---|
| | relevance from this testimony is outweighed by the prejudicial effect. She also offers completely speculative testimony about David White having another job because of his meeting schedule. Her lack of personal knowledge on this point is reflected when she later concedes that she did not have access to his or the other staff's schedules. (P. 38:1-20) | to redact her speculation about whether White had another job. | |
| p. 45 [8 -23] | Objection relevance. In light of the damages ruling, Rochelle Gobetz' commissions no longer have any probative value. | Agreed. Withdrawn. | |
| p. 48 [14] – p. 49 [13] | No objection to 48 [14-21] 48 [22] – 49 [13] Objection hearsay. This testimony reflects Rochelle recounting what | Plaintiff withdraws lines 48[22]-49[3], per the objection. But page 49, lines 3-13 are statements of White, who are | ***Overruled***<br>• 49[3-13]: the objected-to portion conveys what White said to |

|  | Plaintiff told her about his conversations with David White. There are two layers of hearsay and Plaintiff's statements to Rochelle are admitted for the truth of the matter asserted. | admissions of party opponent in this case – it is important evidence about White's reiteration of the M-Fer remar. | Gobetz, not what Plaintiff said to Gobetz; not hearsay under FRE 801(d)(2) (more particularly, subpart (D)), because the testimony recounts statements White made as an employee within the scope of that relationship |
|---|---|---|---|
| p. 54 [17-24] | No objection. |  |  |
| p. 55 [1-20] | No objection |  |  |
| p. 56 [18] – p. 57 [19] | No objection |  |  |
| p. 58 [1 – 9] | No objection |  |  |
| p. 63 [10] – p. 64 [17] | No objection to 63 [10-23]. As to 63 [24]-64[17] Objection speculation, relevance, and non-responsive. In the first lines, Plaintiff admits that David White was | Agreed as to 63[24]-64[5].

As to p. 64[6] –[17] these are her observations as to Ian's mannerisms. | **Sustained**
- 64[6-17]: Gobetz's answer is non-responsive; the Q concerns whether she has knowledge |

| | | | |
|---|---|---|---|
| | not out of line when she was in the room and did not know what happened after he left. Then she speculates about how David could have behaved after she left the room. Moreover, large portions of the response are not responsive to the questions asked. | | of Plaintiff's mannerisms after she left the room. Gobetz's testimony speaks to Plaintiff's mannerisms in general, but she was asked that Q |
| p. 65 [21] – 66 [12] | No objection | | |
| p. 68 [2 – 19] | No objection | | |
| p. 69 [17] – p. 70 [12] | No objection as to 69[17]-70[5]. Objection to 70 [6-8], speculation and nonresponsive. The witness purports to testify about what David White thought and there was no question pending when the speculative testimony was offered. | The testimony (p. 70 [6-8]) is based on statements by White regarding his desire for younger employees. | **Sustained**<br>• 70[6-8]: The other designated testimony makes the point, and these two lines speculate about what White "always wanted" |

| | | | |
|---|---|---|---|
| p. 72 [7] – p. 73 [20] | No objection to 72[7]-73[7].<br><br>As to 73[10-20], objection speculation, foundation, and lack of personal knowledge. The witness lacks personal knowledge as to this employee's age or title. | This contradicts White's testimony that he has "no idea" as to Gault's age, as a reasonable person could obviously see this recent college graduate was young. | ***Sustained***<br>• 73[10-20]: Gobetz speculates as to Gault's age and title; the parties plan to stipulate to Gault's age |
| p. 83 [20] – p. 84 [20] | Objection, relevance, assumes facts not in evidence, and confusing the issue and prejudice under 403. This testimony references a document that is not an exhibit being introduced at trial. Therefore, her testimony about the document's contents is irrelevant. Reading the jury one question referencing a document that they will not be shown for no context as to what the document is | This is not about "prior bad acts" but disparate treatment. | ***Sustained***<br>• The testimony's reference to a document not in evidence risks unfair prejudice; this testimony is confusing and the jury will presumably hear about the training each man received and decide for themselves if the training was the same |

11

|  | will cause confusion and unfairly prejudice MidAmerican. |  |  |

## Gobetz Deposition: Defendant's Counter Designations

| *Gobetz* | *Plaintiff's Objection* | *Defendant's Response* | *Ruling* |
|---|---|---|---|
| p. 4 [20-21] | No Objection | | |
| p.11 [22-23] | No Objection | | |
| p. 14 [8-19] | No objection to lines 11-19 (8-11 is not in response to a question) | The precipitating question appears in p. 11 [24] – p. 13 [2], where the witness could not recall a name. The question invited her to complete the answer. | ***Overruled***<br>• The answer at 14[8-10] completes the answer re: a forgotten name (see 13[1-2]); Plaintiff does not object to 14[11-19] |
| p. 14 [24] – 15[1-2] | No objection | | |
| p. 15 [16-24] | No objection provided other statements re: age are not overruled | | |
| p. 16 [24] – p. 17 [6] | No Objection | | |
| p. 28 [7] – p. 29 [4] | No objection | | |
| p. 31 [3-12] | No objection | | |
| p. 38 [1-10] | No objection | | |
| p. 38 [11-20] | No objection | | |
| p.39 [19] - 40 [8] | Incomplete excerpt | No objection to expanding the designation to p. | |

| | | 38[21]-40[8] for completeness. | |
|---|---|---|---|
| p. 43 [10] – p. 44 [1] | No objection | | |
| p. 44 [2-4] | No objection | | |
| p. 47 [6-22] | No objection | | |
| p. 50 [23] – 51 [6] | No objection | | |
| p. 51 [7-18] | Foundation | There is no foundation issue. In her answer, she explains why she would not know how many times Plaintiff and David White met. | ***Overruled*** |
| p. 52 [18]-53[2] | No objection | | |
| p. 57 [20-24] | No objection | | |
| p. 61 [4] – 63 [9] | Here she is asked to agree with statements in Short Memo, but Defendant stops on the last statement where she disagrees. If Defendant's designation comes in, then the last part (63[10] – 64[2]) should also come in | Plaintiff already designated 63[10] – 64[17]. Defendant's objections to portions of those designations are noted above. | See above. There is no objection to 63 [10-23] so that testimony comes in; 64[6-17] (the "Ian mannerism" testimony) is excluded for the reasons stated |

14

| | | | |
|---|---|---|---|
| p. 66 [21] – 67 [3] | Foundation and out of context – obviously, the witness cannot testify as to whether Plaintiff was in the office when she was not, but the questions don't establish when she was out of the office | The basis for the objection is unclear. The designations contain the full question and answer and the testimony is clear. In fact, the testimony provides important context to testimony that Plaintiff designates about Plaintiff's time of arrival when they rode the train together. | ***Overruled***<br>• The Q and A establish the limitations of her knowledge re: arrival time |
| p.67 [22] – 68 [1] | Foundation and out of context – obviously, the witness cannot testify as to whether Plaintiff was in the office when she was not, but the questions don't establish when she was out of the office | The basis for the objection is unclear. The designations contain the full question and answer, and the testimony is clear. In fact, the testimony provides important context to testimony that Plaintiff designates about Plaintiff's time of arrival when they rode the train together. | ***Overruled***<br>• The Q and A establish the limitations of her knowledge re: departure time |
| p. 68 [20] – 69[14] | Hearsay | Withdrawn. | |

15

| | | | |
|---|---|---|---|
| p. 70 [13-23] | No Objection | | |
| p. 71 [9-11] | No Objection | | |
| p. 74 [21]-75 [8] | No Objection | | |
| p. 75 [16] – 76 [6] | No Objection | | |
| p. 76 [18] – 77[10] | No Objection | | |
| p. 77 [18]-78[2] | No Objection | | |