UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ian MacLeod,

    *Plaintiff*,

v.

MidAmerican Energy Services, LLC,

    *Defendant.*

No. 19 CV 683

Judge Lindsay C. Jenkins

## INSTRUCTIONS TO THE JURY

## INSTRUCTION 1: FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

## INSTRUCTION 2: ALL LITIGANTS EQUAL BEFORE THE LAW

In this case one of the parties is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

## INSTRUCTION 3: EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true. You must treat the stipulations as having been proved for the purpose of this case.

## INSTRUCTION 4: WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

### INSTRUCTION 5: NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

## INSTRUCTION 6: CONSIDERATION OF ALL EVIDENCE
## REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

The way the exhibits are named is not relevant and should not be considered in determining the weight to give the exhibits, if any.

## INSTRUCTION 7: WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

## INSTRUCTION 8: DEFINITION OF "DIRECT"
## AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

## INSTRUCTION 9: TESTIMONY OF WITNESSES
### (DECIDING WHAT TO BELIEVE)

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

## INSTRUCTION 10: PRIOR INCONSISTENT STATEMENTS

You may consider statements given by certain witnesses under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**INSTRUCTION 11: LAWYER INTERVIEWING WITNESS**

It is proper for a lawyer to meet with any witness in preparation for trial.

## INSTRUCTION 12: NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

## INSTRUCTION 13: ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## INSTRUCTION 14: BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**INSTRUCTION 15: SELECTION OF PRESIDING JUROR; GENERAL VERDICT**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

## INSTRUCTION 16: COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

## INSTRUCTION 17: DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

## INSTRUCTION 18: GENERAL EMPLOYMENT DISCRIMINATION INSTRUCTIONS

Plaintiff claims that he was terminated by Defendant because of his age. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that he was terminated by Defendant because of his age. To determine that Plaintiff was terminated because of his age, you must decide that Defendant would not have terminated Plaintiff had he been under 40 years old but everything else had been the same.

If you find that Plaintiff has proved this by a preponderance of the evidence, then you must find for Plaintiff. However, if you find that Plaintiff did not prove this by a preponderance of the evidence, then you must find for Defendant.

**INSTRUCTION 19: WILLFULNESS: WHERE AGE DISCRIMINATION IS ALLEGED**

If you find for Plaintiff, you must then decide whether Defendant willfully violated the Age Discrimination in Employment Act. To show this, Plaintiff must prove by a preponderance of the evidence that Defendant knew that it was violating the Age Discrimination in Employment Act, or was indifferent to whether its actions violated the Age Discrimination in Employment Act, and not simply that Defendant was aware that it was engaging in age discrimination.

**INSTRUCTION 20: CAUTIONARY INSTRUCTION ON REASONABLENESS OF DEFENDANT'S ACTION**

In deciding Plaintiff's claim, you should not concern yourselves with whether Defendant's actions were wise, reasonable, or fair. Rather, your concern is only whether Plaintiff has proved that Defendant terminated him because of his age.

**VERDICT FORM**

In completing this Verdict Form, apply the Jury Instructions that I have given to you.

**Liability**

1.      Did Plaintiff prove by a preponderance of the evidence the claim of age discrimination in connection with his termination by the Defendant in violation of the Age Discrimination in Employment Act?

Answer yes or no:

      Yes _____ No _____


If you answered "Yes," then answer the next question, which is Question 2. If you answered "No," then you have found no liability, and you should skip to the Signature Page.

**Willfulness**

2.      Did the Plaintiff prove by a preponderance of the evidence that the Defendant willfully discriminated against him by terminating him?

Answer yes or no:

      Yes _____ No _____


Go to the Signature Page.

## SIGNATURE PAGE

_____        _____
Presiding Juror

_____        _____

_____        _____

_____        _____

DATE: _____